IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY SMITH GORDON                                                           PLAINTIFF

v.                                              Civil No. 2:21-cv-02014

DR. WHITE, Crawford County                                                     DEFENDANTS
Detention Center; and
SERGEANT ORTIZ, Crawford County
Detention Center

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Plaintiff, Anthony S. Gordon ("Gordon"), filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Gordon was incarcerated in the Crawford County Detention Center when he filed his Complaint (ECF No. 1).

On March 8, 2021 (ECF No. 12), and March 19, 2021 (ECF Nos. 13-14), mail was returned to the Court as undeliverable. From the time of the first returned mail, Gordon had 30 days, or until April 7, 2021, to submit a new address to the Court.

When he filed this case, Gordon was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address. If Gordon was transferred or released, he was told he must advise the Court of any change in his address no later than 30 days from the time of his transfer to another facility or his release. Gordon was again advised of this obligation when his Motion for Leave to Proceed IFP was granted (ECF No. 6). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

1

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To date, Plaintiff has not provided a new address or contacted the Court in anyway. For this reason, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of April 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE